UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| United States of America | |
| v. | Crim No. 2:19–cr–122 |
| Sean Guillette | |

**REPORT AND RECOMMENDATION**
(Docs. 109, 111)

Sean Guillette, a prisoner currently incarcerated at Federal Correctional Institution Petersburg (FCI Petersburg) and proceeding *pro se*, moves under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence she[1] received in this Court following conviction of one count of knowingly receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). (Doc. 109; *see also* Docs. 77, 81, 100.) In the plea agreement, Guillette and the government agreed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that the appropriate term of imprisonment was 188 months, a sentence at the top of the United States Sentencing Guidelines range of 180–188 months. (Doc. 77 at 11, ¶ 17; *see also* PSR at 15, ¶ 59.) On April 21, 2022, United States District Judge Christina Reiss imposed a 188-month sentence, to be followed by a 16-year term of supervised release. (Doc. 100.) Guillette did not file a direct appeal.

Guillette's § 2255 Motion was filed on April 13, 2023. (Doc. 109.) On April 24, 2023, the Court ordered the government to respond within forty-five days as required by Rule 5 of the Rules Governing Section 2255 Proceedings. (Doc. 110.) The Court also ordered Guillette to file any reply forty-five days after the government filed its response. (*Id.*) The government filed its

---

[1] The government advises that Sean Guillette identifies as female. (*See* Doc. 111 at 1 n.1.)

Motion to Dismiss Without Prejudice on June 7, 2023.[2] (Doc. 111.) The government attempted to serve Guillette with its Motion to Dismiss that same day, as evidenced by the certificate of service attached to the Motion to Dismiss. (Doc. 111-1.) Guillette did not file an Opposition to the Motion to Dismiss by the July 24, 2023 deadline, nor did she file a response for several months thereafter. The docket reflects that the government attempted service of its Motion to Dismiss on Guillette a second time. (Doc. 112.) On December 1, 2023, the government served Guillette with the Motion by mailing it to her at FCI Petersburg. (Doc. 113.) Guillette's response to the Motion became due on January 15, 2024. (*See* Doc 110.) As of the date of this Report and Recommendation, Guillette has not filed a response.

In its Motion to Dismiss, the government contends that the § 2255 Motion contains insufficient information as to the nature of the claims asserted and the facts supporting those claims. Therefore, the government requests that Guillette's § 2255 Motion be dismissed without prejudice "to allow Guillette to file another motion that substantially complies with [Rule 2 of the Rules Governing Section 2255 Proceedings]." (Doc. 111 at 1.)

For the reasons explained below, I recommend that the government's Motion to Dismiss Without Prejudice (Doc. 111) be GRANTED, and that Guillette's § 2255 Motion (Doc. 109) be DISMISSED without prejudice.

## Discussion

**I.    Legal Standards**

"A prisoner in custody" may collaterally attack her sentence on "the ground that [it] was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). The statute provides relief only "for a constitutional error, a lack of jurisdiction in the sentencing

---

[2] Guillette's Motion under 28 U.S.C. § 2255 was referred to the undersigned on April 17, 2023, and the government's Motion to Dismiss was referred to the undersigned on June 13, 2023.

court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)). As the moving party, Guillette bears the burden of establishing a claim under § 2255 by a preponderance of the evidence. *See Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000). Although prisoner *pro se* filings are to be liberally construed, *see McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999), *pro se* litigants are not exempt "from compliance with relevant rules of procedural and substantive law," *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks omitted).

Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings requires the movant to "state the facts supporting each ground." *LoCascio v. United States*, 395 F.3d 51, 57 (2d Cir. 2005) ("The petitioner must set forth specific facts which he is in a position to establish by competent evidence." (internal quotation marks omitted)). "A [§ 2255] motion must permit the Court and the respondent to comprehend both the movant's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the motion may be adjudicated." *Ware v. United States*, 22-cv-3409 (ER), 04-cr-1224 (ER), 05-cr-1115 (ER), 2022 WL 17586551, at *7 (S.D.N.Y. Dec. 12, 2022). "Airy generalities, conclusory assertions[,] and hearsay statements" are inadequate to support a § 2255 claim. *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987); *see also United States v. Wint*, Crim. Action No. 1:12-cr-85-jgm, 2017 WL 1901674, at *10 (D. Vt. Feb. 3, 2017) (collecting cases), *report and recommendation adopted*, 2017 WL 1900284 (D. Vt. May 9, 2017). Where allegations of ineffective assistance of counsel are "vague, conclusory, and unsupported by citation to the record, any affidavit, or any other source," dismissal of the § 2255 motion without prejudice to the filing of an amended motion supporting such claims may be appropriate. *Foxworth v. United States*, Civil Action No.

3:08cv813(VLB), 2011 WL 3041057, at *4, *8 (D. Conn. July 25, 2011) (quoting *Vasquez v. United States*, Nos. 96 CIV. 2014(PKL), 91 CR. 153(PKL), 1997 WL 148812, at *2 (S.D.N.Y. Mar. 28, 1997)).

II.   Analysis

Guillette's Motion is insufficient under Rule 2 because she has not clearly specified the grounds for relief and the facts supporting each ground.  In the first ground for relief, Guillette asserts that "[she is] being held because [she] had psychiatric[] information that's outside the record."  (Doc. 109 at 4.)  She contends that, had her attorney "relayed such information to the honorable court," she should have qualified for a downward departure of her sentence.  (*Id.*)  Although Guillette asserts that the psychiatric information "would have proven that [she] rec[ei]ved no 'help' from [her] prior state incar[c]eration due to inadequate state system," she does not identify the relevant "psychiatric information" or explain with any particularity why such information would have warranted a downward departure.  (*Id.*)  To the extent Guillette's first ground for relief may be asserting an ineffective-assistance-of-counsel claim, it lacks the factual detail necessary for the government to craft a meaningful response to Guillette's claims. In addition, were the Court to order that defense counsel submit an affidavit addressing Guillette's allegations of deficient representation, the very limited information in the § 2255 Motion would make it difficult for counsel to complete a comprehensive affidavit to aid in the Court's adjudication of Guillette's Motion.  *See Cox. v. Donnelly*, 387 F.3d 193, 201 (2d Cir. 2004) (explaining that to assist the court in deciding whether his or her performance was constitutionally ineffective, "the assertedly ineffective counsel should be afforded an opportunity to present evidence, in the form of live testimony, affidavits, or briefs" (internal quotation marks omitted)).  Therefore, the lack of factual detail prevents the Court from assessing any ineffective-

assistance-of-counsel claim Guillette may be asserting. Guillette must allege specific facts, point to relevant excerpts of the hearing transcripts, and include any other evidence she might be relying on in asserting a claim for ineffective assistance of counsel. *See Foxworth*, 2011 WL 3041057, at *4; *see also Kimbrough v. Bradt*, 949 F. Supp. 2d 341, 355 (N.D.N.Y. 2013) ("[A] claim of ineffective assistance of counsel must contain specific factual contentions regarding how counsel was ineffective.")

Guillette asserts "extraordinary and compelling reasons" as a second ground for relief. (Doc. 109 at 5.) As she articulates the claim, the extraordinary and compelling reasons are "d[ue] to the fact that [] [t]he 'Supreme Court' has stated: that it's not about the crime that[']s convicted to pass a penalty upon, but[] about the 'state of mind' when the crime was commit[t]ed." (*Id.*) According to Guillette, "evidence that was probative at sentencing was not available to the honorable court for review," and "[t]his mitigating evidence could [have] changed the course of sentencing under the Judge[']s review for a[] below the guideline sen[t][]en[c]ing." (*Id.*) Guillette does not provide any further information regarding the mitigating evidence that in her view would have resulted in a below-Guidelines sentence. To the extent that Guillette may be referring to the psychiatric information referenced above, she has not identified the psychiatric information with the requisite specificity under Rule 2(b)(2). Guillette's "conclusory assertions" with respect to her second ground for relief are inadequate to support a § 2255 claim. *Aiello*, 814 F.2d at 113.[3]

---

[3] Guillette's use of the phrase "extraordinary and compelling reasons" to support a sentence reduction may indicate that she is seeking a modification of her sentence under 18 U.S.C. § 3582(c)(1)(A). A § 2255 motion, however, is not the appropriate mechanism to address a sentence modification on "compassionate release" grounds. *See, e.g.*, *Salvagno v. Director, Bureau of Prisons*, No. 3:17cv318 (MPS), 2017 WL 5159214, at *4 (D. Conn. Nov. 7, 2017) (citing authority holding that complaint regarding denial of compassionate release not proper subject of habeas review). A sentence modification request also requires administrative exhaustion within the Bureau of Prisons prior to filing a motion in federal court. 18 U.S.C. § 3582(c)(1)(A). Guillette's Motion does not represent that she has satisfied the exhaustion requirement.

Guillette's § 2255 Motion does not contain sufficient detail to permit the Court "to comprehend both [Guillette]'s grounds for relief and the underlying facts and legal theory supporting each ground." *Ware*, 2022 WL 17586551, at *7. Therefore, her Motion presently does not conform to the requirements of Rule 2 of the Rules Governing Section 2255 Proceedings. Before the Court adjudicates Guillette's § 2255 Motion, Guillette should have an opportunity to amend the Motion to include the legal grounds for the requested relief, a complete statement of the facts supporting the claims, and any evidence relevant to the claims.

## Conclusion

For the reasons stated above, I recommend that the government's Motion to Dismiss Without Prejudice (Doc. 111) be GRANTED, and that Guillette's § 2255 Motion to Vacate, Set Aside, or Correct (Doc. 109) be DISMISSED without prejudice. I further recommend that Guillette be granted leave to file an amended § 2255 motion that meets the requirements of Rule 2 of the Rules Governing Section 2255 Proceedings.

Dated at Burlington, in the District of Vermont, this 29th day of April 2024.

/s/ Kevin J. Doyle
Kevin J. Doyle
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).